Aubrey Jake MERKEL, Appellant,

v.

The STATE of Texas, Appellee.

No. 35112.

Court of Criminal Appeals of Texas.

April 16, 1969.

W. K. McClain, on appeal only, R. C. Hoelscher, on appeal only, Georgetown, for appellant.

Eugene Russell, County Atty., Burnet, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an out of time appeal directed by the Fifth Circuit Court of Appeals, Merkel v. Beto, 387 F.2d 854, because "appellant was deprived of his right of direct appeal with the assistance of counsel." See Tex.Cr.App., 363 S.W.2d 267.

The offense is felony theft, with two prior convictions alleged for enhancement; the punishment, life.

■ Appellant's first ground of error is that the court failed to grant his pretrial motion "requesting the court to place the custody of the jury during the proceedings * * * in some other officer of the court than Wallace Riddell, Sheriff of Burnet County." In order to come within the rule of Turner v. Louisiana, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424, on which appellant relies, it is necessary that appellant have shown that the sheriff actually had charge of and "shepherded" the jury and that an objection was interposed to his testimony. Appellant met neither of these requirements. His first ground of error is accordingly overruled.

Appellant's second ground of error is that the court failed to instruct a directed verdict because the State failed to establish value in excess of $50.00. This contention was raised and discussed in appellant's original appeal of this case, and the disposition of it there needs no explication.

■ Appellant has filed a brief pro se in addition to that filed by his court appointed counsel. His first contention is that appellant was denied effective assistance of counsel at his trial and the second is that he was denied assistance of counsel on his original appeal. His second is that he was denied assistance appeal being granted to give appellant his appellate rights; and the first contention is without merit, his court appointed attorneys having more than adequately prepared for and conducted a defense in appellant's behalf at his trial.

■ His final contention is that the court erred in permitting the enhancement paragraphs to be read to the jury prior to their deliberation on his guilt or innocence. Appellant's trial was conduct-

ed under the 1925 Code, and Art. 37.07, Vernon's Ann.C.C.P., as amended in 1967, did not apply. No error is shown. Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606.

Finding no reversible error the judgment of the trial court is affirmed.

DOUGLAS, J., not participating.