Edmond Albert STAFFORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–86–00812–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 31, 1988.

Mary B. Hennessy, Houston, for appellant.

John B. Holmes, Dist. Atty., Harris County, Calvin Hartmann, Asst. Dist. Atty., for the State.

Before EVANS, C.J., and SAM BASS and DUNN, JJ.

## OPINION

SAM BASS, Justice.

A jury convicted appellant of delivery of more than 28 grams of cocaine and assessed punishment at 75 years confinement and a $20,000 fine. The trial court reformed the judgment to delete the fine.

Court-appointed counsel on appeal provided this Court with what is commonly termed an "*Anders* brief." *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In this brief, counsel asserted that the record and history of the instant cause reflected no errors significant enough to merit briefing on appeal. Upon receiving a copy of his attorney's brief, appellant chose to exercise his right to submit a *pro se* petition. His lengthy brief raised several issues of importance. Indeed, the State filed a response brief that addressed each of appellant's points of error in detail. Appellant then filed an extensive supplemental brief in order to refute the arguments the State raised in its reply.

On March 17, 1987, out of concern that counsel had not sufficiently considered and analyzed the merits of appellant's cause sufficiently, this Court ordered counsel to rebrief in accordance with Tex.R.App.P. 74. Counsel failed to respond to this order and, on May 4, 1988, this Court again ordered her to rebrief appellant's cause or appear for a contempt hearing on June 7, 1988.

On May 19, 1988, counsel submitted her second brief in the instant cause. This brief's substantive body was five pages long and addressed only one point of error, *viz.*, that appellant received ineffective assistance of counsel at trial. Upon receiving a copy of this court-ordered brief, appellant filed a motion on June 14, 1988, to dismiss court-appointed counsel and to allow him to represent himself *pro se* on appeal.

To date, this Court has exercised much caution and patience in its efforts to protect appellant's constitutional rights. As a result, we now have for review: (1) a *pro se* brief and supplemental brief filed by appellant; (2) two briefs, one court-ordered, by appellant's counsel; and (3) the State's brief.

■ As an initial matter, we determine that we issued our order of March 17, 1988, improvidently. Upon reflection, we are of the opinion that appellant more than adequately briefed the salient issues of the instant cause. Appellant's *pro se* brief is far superior in breadth and analysis than his court-appointed counsel's first brief; counsel's second brief provided *nothing* to further either appellant's arguments or her own previous efforts. Therefore, in the interest of justice, and in order to protect

appellant's constitutional rights, we withdraw our order of March 17, 1988.

The result of our March 17, 1988 order was to render court-appointed counsel's court-ordered brief the only brief available for our consideration. This is because an appellant is not allowed "hybrid representation" on appeal except in the *Anders* context. *Hubbard v. State*, 739 S.W.2d 341, 342 (Tex.Crim.App.1987); *Dunn v. State*, 733 S.W.2d 212, 213 n. 1 (Tex.Crim. App.1987) (and cases cited therein). By ordering counsel to rebrief, we terminated this cause's status as an *Anders* brief.

In returning this cause to the position that it occupied prior to our order, we return this cause to *Anders* status and are again empowered to consider *both* counsel's *Anders* brief and appellant's *pro se* efforts. Furthermore, in withdrawing our order of March 17, 1988, we render irrelevant appellant's motion to dismiss court-appointed counsel.

In his motion, appellant stated that his request to proceed *pro se* was based on his desire to direct this Court's attention to his own briefs, and away from those of his attorney. Because we are withdrawing our March 17, 1988 order, we are able to consider both counsel's initial *Anders* brief and appellant's two *pro se* briefs; appellant's motion, were it granted, would do little more than interfere with the orderly procedure of this Court, as well as with the fair administration of justice. *See Hubbard v. State*, 739 S.W.2d at 344–45. On this basis, we deny appellant's motion.

Moving to the merits of appellant's contentions, we observe that appellant contests the sufficiency of the evidence. Therefore, a brief description of the events that culminated in his arrest is necessary.

Officer Hughes testified that she learned from an informant that drugs were being sold at 3404 Arlington Street. Based upon this information, she asked Officer Reeves to attempt to purchase drugs at that address.

Reeves testified that on the date of the arrest, he and several other officers, including Officers Blair and Jordan conducted an undercover investigation of the suspected transactions in controlled substances at 3404 Arlington. Reeves stated that he entered the house on Arlington, noting that a silver Corvette was parked nearby. Upon entering the house, he saw appellant sitting with a woman at a "podium." The couple was selling cocaine to a man standing before the podium. Reeves testified that he requested a $50 "rock" of cocaine. Appellant received the officer's money, and the woman displayed an array of bags of cocaine, from which appellant selected his "rock."

Reeves then returned to his patrol car and discussed these events with Blair. After 15 to 20 minutes, the officers engaged in a second transaction that resulted in the arrest of the house's occupants. Appellant was not among these occupants.

Reeves testified that, after they had arrested the various persons in the house, and as they were loading these persons into the patrol cars, he saw appellant drive by the house in a silver Corvette. Although Reeves instructed some of the officers to follow the car, they were unable to detain appellant. Reeves stated that, based upon the informant's suggestion of places that appellant frequented, he and the other officers investigated several establishments in the vicinity. Ultimately, the officers found appellant at a restaurant/club and arrested him.

Officer Blair testified that he waited in the patrol car while Reeves made the two purchases. Blair stated that he never saw a silver Corvette parked near the house. The first time Blair saw the Corvette was when it passed by the house as the officers were placing the arrestees in the patrol cars. Blair further testified that he did not see appellant at the Arlington address.

In his first point of error, appellant contends that the evidence is insufficient to support a finding of guilty as to each element of the offense of delivery of cocaine. In addressing this point, we begin with a determination of the elements of "delivery of [28 grams or less of] cocaine."

Tex.Rev.Civ.Stat.Ann. art. 4476–15, sec. 1.02(7) (Vernon Supp.1988), the "Controlled Substances Act," defines "delivery" as:

the actual or constructive transfer from one person to another of a controlled substance ... whether or not there is an agency relationship. For purposes of this Act, it also includes an offer to sell a controlled substance....

Cocaine is a controlled substance. *Id.,* secs. 1.02(4), 2.04(b)(4). Appellant was charged with delivery of less than 28 grams. *See id.,* sec. 4.03(b) (delivery of 28 grams or less of cocaine is a first degree felony). Thus, there must be: (1) an intentional or knowing, (2) actual or constructive transfer (or offer to sell), (3) of a controlled substance, (4) weighing less than 28 grams. *Mendoza v. State,* 577 S.W.2d 240, 241 (Tex.Crim.App.1979); *Martinez v. State,* 640 S.W.2d 378, 380 (Tex.App.—San Antonio 1982, pet. ref'd).

The State alleged in its indictment that appellant either actually or constructively transferred cocaine to Reeves. Appellant does not contest whether the substance purchased by the officer was cocaine, whether his act was intentional or knowing, nor whether the amount involved weighed less than 28 grams. Therefore, what remains at issue is the sufficiency of the evidence regarding whether appellant transferred, either actually or constructively, cocaine to Reeves.

In assessing the evidence, we view it in the light most favorable to the verdict. *Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime—or, as in the instant cause, an actual or constructive transfer—beyond reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

Appellant clearly did not engage in an *actual* transfer. *Conaway v. State,* 738 S.W.2d 692, 695 (Tex.Crim.App.1987). Addressing the question of whether appellant's acts could be found by a jury to have amounted to a *constructive* transfer, we note that a constructive transfer, as interpreted under the Controlled Substances Act, has been defined as:

[T]he transfer of a controlled substance either belonging to the defendant or under his direct or indirect control, by some other person or manner at the instance or direction of the defendant....

*Whaley v. State,* 717 S.W.2d 26, 31 (Tex. Crim.App.1986) (quoting *Davila v. State,* 664 S.W.2d 722, 724 (Tex.Crim.App.1984)); *but see Daniels v. State,* 754 S.W.2d 214, 220 (Tex.Crim.App.1988).

In addition, the State must show that, prior to the alleged delivery, the defendant/transferor had either direct or indirect control of the substance transferred, and that the defendant/transferor knew of the existence of the transferee. *Id.* at 221.

■ Keeping in mind the above definitions and requirements, we hold that the evidence was sufficient to support the jury's finding that appellant committed an act of constructive transfer. The record reflects that when Reeves entered the house for the first transaction, appellant and the woman were engaged in a sale to an unnamed person. This would indicate that appellant had indirect control of the cocaine, as would his participation in the first transaction itself. Furthermore, by taking money from Reeves when Reeves requested a "rock" of cocaine, it is clear that appellant knew who the ultimate transferee of the cocaine was.

Appellant correctly observes that his conviction rests almost entirely upon Reeves' testimony and that Hughes' testimony conflicted in its particulars with portions of Reeves'. He also correctly observes that certain defense witnesses' testimony conflicted with that of Reeves. Conflicts in the evidence, however, will not call for reversal if there is enough credible testimony to support the conviction. *Losada v. State,* 721 S.W.2d 305, 309 (Tex.Crim.App. 1986).

Furthermore, regardless of whether the State's witnesses gave conflicting testimony, that fact alone does not entitle an appellant to a reversal of his conviction. *Brown v. State,* 477 S.W.2d 617, 623 (Tex. Crim.App.1972). This is true because the jury may believe some of the witnesses and refuse to believe others, and it may accept

portions of the testimony of a witness while rejecting other portions of this same witness' testimony. *Bowden v. State*, 628 S.W.2d 782, 784 (Tex.Crim.App.1982).

Appellant's arguments are directed more toward the credibility of the witnesses, and it is well-established that the credibility of the witnesses lies in the exclusive domain of the trier of fact (in the instant case, the jury). *Hilliard v. State*, 170 Tex.Crim. 290, 340 S.W.2d 494 (Tex.Crim.App.1961). In short, Reeves' testimony, when viewed in the light most favorable to the verdict, is sufficient to support the jury's finding that appellant delivered cocaine to him, and therefore the evidence adduced at trial is sufficient to support the verdict.

We overrule the first point of error.

In his second and third points of error, appellant contends that the evidence is insufficient to show probable cause and, therefore, that his arrest was illegal. Appellant bases this argument on the fact that the State failed both to demonstrate how Hughes obtained her information concerning appellant from the informant, and to establish the credibility of the informant. The State argues that, because it offered no evidence obtained as a result of appellant's arrest, appellant has failed to show error requiring a reversal of his conviction. In support of its position, the State cites the well-established rule that in order for reversible error to be present, some evidence from an illegal arrest must have been admitted at trial and contributed to his conviction. *Keen v. State*, 626 S.W.2d 309, 314 (Tex.Crim.App.1981) (and cases cited therein).

Unfortunately, in so responding, the State misconceives appellant's argument. Appellant's second and third points of error do not refer to any searches made pursuant to his arrest at the restaurant/club. Instead, appellant is complaining about the search of the 3404 Arlington address.

We observe initially that no objection was raised at trial to Reeves' testimony concerning his initial purchase of contraband and subsequent seizure of cocaine and cash. The failure to object during trial will waive error in the admission of evidence, even if the resulting error is one of constitutional dimension and involves fourth amendment rights against wrongful search and seizure. *Little v. State*, 758 S.W.2d 551, 563 (Tex.Crim.App.1988) (and cases cited therein).

■ We further observe that, even if appellant had preserved this point for consideration on appeal, appellant has not demonstrated that he has standing to complain about the legality of the 3404 Arlington search. The Texas Court of Criminal Appeals has interpreted *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), as holding that a defendant's privacy interest in the premises searched is a substantive element of his fourth amendment claim, and it is his burden to establish this element's existence. *Wilson v. State*, 692 S.W.2d 661, 669 (Tex.Crim.App.1984) (op. on reh'g).

In the instant cause, the record reflects no facts tending to show a legitimate expectation of privacy in the premises searched. The only descriptions of the house at 3404 Arlington were to the effect that it was abandoned and that nobody lived there. Appellant asserted neither a property interest nor a possessory interest in the Arlington address or the items seized therein. In short, appellant has failed to show that he has standing to complain of the officers' search of the house on Arlington. *Calloway v. State*, 743 S.W.2d 645, 649–51 (Tex.Crim.App.1988).

■ Finally, we observe that appellant could not have established any reasonable expectation of privacy because the parties at 3404 Arlington who sold the cocaine to the officers voluntarily transferred any possessory interest in that substance to the purchaser, Reeves, upon receipt of his funds. An undercover officer does not violate the fourth amendment when he engages in a business transaction freely with a member of the public. *Maryland v. Macon*, 472 U.S. 463, 470, 105 S.Ct. 2778, 2782, 86 L.Ed.2d 370 (1985).

We overrule the second and third points of error.

In his fourth point of error, appellant contends that his arrest was illegal because there was no showing of probable cause for his warrantless arrest. Assuming without deciding that appellant's arrest was illegal, we observe that the record reflects no evidence obtained as a result of this arrest.

An unreasonable seizure of the person, in and of itself, does not necessarily require the reversal of a judgment of conviction. *Keen v. State*, 626 S.W.2d at 314. In order for error to be present, some evidence resulting from the unlawful arrest must have: (1) been admitted at trial; and (2) contributed to the defendant's conviction. *Id.* (and cases cited therein). The State obtained no evidence as a result of appellant's arrest; therefore, appellant's point is without merit.

We overrule appellant's fourth point of error.

In his fifth point of error, appellant strenuously contends that he was denied effective assistance of counsel. Appellant lists numerous examples of ineffective assistance of counsel. In particular, appellant asserts the following:

1. Trial counsel failed to prepare sufficiently for trial, *e.g.*, counsel failed to investigate adequately the facts of the case;

2. Trial counsel failed to move to suppress and to object to evidence (*e.g.*, evidence resulting from the second, controlled substance transaction and arrests at 3404 Arlington, testimony of Off. Jordan concerning weapons found at this address);

3. Trial counsel failed to attack the validity of the complaint;

4. Trial counsel failed to call a witness on behalf of appellant;

5. Trial counsel failed to object to prosecutorial misconduct;

6. Trial counsel admitted appellant's guilt in final argument and, thus, foreclosed the possibility of the jury accepting appellant's alibi defense;

7. Trial counsel failed to investigate the validity of appellant's prior convictions, alleged for enhancement purposes, and counsel erroneously advised appellant to sign a stipulation of evidence concerning these prior offenses;

8. Appellate counsel failed to obtain a complete record for this Court to consider;

9. Appellate counsel prepared an *Anders* brief before she had a complete record before her; and,

10. Appellate counsel failed to raise significant and obvious issues on appeal.

The law on the right to counsel is the same under the United States and Texas Constitutions. U.S. Const. amend. VI; Tex. Const. art. I, sec. 10; *Hernandez v. State*, 726 S.W.2d 53, 55–56 (Tex.Crim.App. 1986). The general standard of review is stated both in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), and *Ex parte Duffy*, 607 S.W.2d 507, 516 (Tex.Crim.App.1980). *See Stone v. State*, 751 S.W.2d 579, 582 (Tex.App.—Houston [1st Dist.]) (op. on reh'g) (not yet reported). Furthermore, the same standard is used to analyze claims of ineffective assistance of trial counsel as that of appellate counsel. *Schwander v. Blackburn*, 750 F.2d 494, 502 (5th Cir. 1985).

Texas case law requires a two-fold showing to establish a claim of ineffective assistance: (1) an act that constitutes ineffective assistance of counsel; and (2) that the defendant suffered harm due to this ineffective assistance. *Strickland v. Washington*, 466 U.S. at 687, 104 S.Ct. at 2064; *Ex parte Duffy*, 607 S.W.2d at 516; *Mercado v. State*, 615 S.W.2d 225, 228 (Tex.Crim. App.1981). The final determination of counsel's effectiveness of assistance turns on the particular circumstances of each case. *Mercado v. State*, 615 S.W.2d at 227. We first determine whether appellant's trial counsel committed any act or acts of ineffective assistance, and then determine whether, if there are such acts, they were prejudicial to appellant, causing him to suffer harm.

### A. Acts of Ineffective Assistance
#### 1. Trial Preparation

Appellant alleges that he received ineffective assistance of counsel in that his

trial attorney failed to prepare adequately for trial. Appellant's specific example of this negligence is that his attorney failed to investigate the facts of the case thoroughly.

As appellant recites, a criminal defense lawyer must have a firm command of the facts of the case, as well as governing law, before he can render reasonably effective assistance to his client—in or out of the courtroom. *Ex parte Duffy*, 607 S.W.2d at 516. A thorough factual investigation is the foundation upon which effective assistance of counsel is built. *Id.* Thus, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. *Strickland v. Washington*, 466 U.S. at 691, 104 S.Ct. at 2066. Appellant's assertion that his attorney failed to investigate the facts of this case is serious, but it is unsubstantiated by affirmative facts preserved in the record.

Although "experience has taught us that in most instances where the claim of ineffective assistance of counsel is raised, the record on direct appeal is simply not in ... shape, perhaps because of the very alleged ineffectiveness below," *Ex parte Duffy*, 607 S.W.2d at 513, allegations of ineffective representation will be sustained only if they are firmly founded. *Mercado v. State*, 615 S.W.2d at 228. Appellant did not request that the trial court hold a hearing on this issue, nor did the trial court or the State suggest that an ineffectiveness hearing be held. Thus, unless appellant can demonstrate that, by virtue of its omissions and voids, the record reflects a failure to investigate, appellant's argument must fail. *See, e.g., Ex parte Duffy*, 607 S.W.2d at 519 ("this record glaringly reflects that trial counsel failed to advance an insanity defense or in any other way make use of psychiatric evidence available to him").

The transcript reveals that trial counsel did not file a *"Brady"* motion—a request that the State inform the defense of exculpatory materials within its possession, *see Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), nor any other motion to discover evidence within the State's possession. In fact, counsel filed only one pretrial motion, it being a request for a continuance. This request was based upon the alleged fact that appellant had informed counsel of newly-discovered evidence in the form of three witnesses who could support appellant's alibi defense and that counsel, therefore, needed time *to investigate and prepare* for trial. The motion does not reveal the names of these three witnesses.

The record reflects, then, that appellant's trial counsel informed the trial court prior to trial that he was conducting an investigation about the facts of the case. Thus, although scanty, the record does not provide the firm foundation appellant must establish if he is to obtain a reversal on the basis of an unsubstantiated allegation of his counsel's failure to investigate. *Mercado v. State*, 615 S.W.2d at 228.

## 2. Motion to Suppress and Failure to Object

Appellant alleges that he received ineffective assistance of counsel in that his trial attorney failed to raise a motion to suppress and failed to object to inadmissible, irrelevant, and/or highly prejudicial evidence offered by the State. Addressing first his suppression argument, appellant contends that trial counsel should have argued that Reeves' transactions at 3404 Arlington constituted a "search and seizure," under the fourth amendment.

The failure to file a suppression motion does not constitute *per se* ineffective assistance of counsel. *Kimmelman v. Morrison*, 477 U.S. 365, 106 S.Ct. 2574, 2588, 91 L.Ed.2d 305 (1986). Furthermore, as noted above, appellant has not established that he has standing to complain about a wrongful search or seizure; nor could he, given the facts of the instant cause. *See* our discussion of points two and three above; *Rakas v. Illinois*, 439 U.S. at 138–40, 99 S.Ct. at 427–29. Finally, and, again, as noted above, a motion to suppress would not have been appropriate. An undercover officer does not commit an illegal search and seizure by accepting an offer to do business

that is freely made to members of the public. *Maryland v. Macon,* 472 U.S. at 470, 105 S.Ct. at 2782.

Addressing appellant's alternative contention that he received ineffective assistance because his attorney failed to object to inadmissible, irrelevant, and/or highly prejudicial evidence, the record reflects that trial counsel filed a motion in limine requesting that the State not offer before the jury "evidence that *the defendant has committed* any offense whatsoever other than the offense specifically alleged in the indictment in this cause." The trial court granted this motion. It is important to note that this motion in no way speaks to the evidence acquired as a result of the transactions at 3404 Arlington, as well as the resulting arrests, because that evidence tended to show offenses committed by *persons other than the defendant,* and thus was not controlled by the motion in limine.

Furthermore, trial counsel only objected twice to the relevancy of the State's evidence regarding the facts of the second transaction and subsequent arrests. His first objection was directed only to whether the arresting officers saw appellant "speed off" in the silver Corvette. Counsel raised this objection at the tail-end of Reeves' testimony, after most of the prejudicial testimony had been entered before the jury. Thus, trial counsel failed to object to any of the State's repeated showings of prejudicial evidence concerning and/or deriving from the second transaction and subsequent arrest.

Second, trial counsel objected to testimony of Off. Jordan, regarding weapons found at 3404 Arlington, after the persons present were arrested. Counsel, however, failed to pursue this objection to a final ruling, despite the fact that when the trial court recessed the proceedings for the day, he specifically instructed both defense counsel and the State to obtain "some law" on the matter. Indeed, when the trial court asked counsel the next day if he wished to return Jordan to the stand, counsel replied, "No need, just beat it to the point where he might come back to life, Judge."

In determining whether any evidence is admissible, the court first must make a comparison of the probative value and prejudicial or inflammatory aspects, if any. *Ruiz v. State,* 579 S.W.2d 206, 209 (Tex. Crim.App.1979). The evidence in the instant case was both prejudicial and inflammatory in that it indicated a large quantity of drugs and weapons were seized from persons who had engaged as a team in many deliveries of controlled substances. The State did not prosecute appellant on a "parties" theory. Thus, unless this evidence had probative value that outweighed its prejudicial and inflammatory nature, it should not have been admitted. *Id.*

Tex.Rule of Crim.Evid. 401 states, "that 'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." In the case of *Ford v. State,* 484 S.W.2d 727, 729–30 (Tex.Crim.App.1972), the Court of Criminal Appeals discussed the meaning and significance of relevancy, and therefore probativeness, when at issue is an extraneous offense being offered to prove identity:

> The evidence of the other crime is offered as circumstantial evidence of the identity of the accused as the perpetrator of the principal case. *That is, if it is established that the accused committed an extraneous offense,* and that there is some distinguishing characteristic common both to it and the offense for which the accused is on trial, then an inference may be drawn that the accused was the person who committed the primary offense.

*Id.* at 729 (emphasis added). The court further observed that both the primary offense and the extraneous offense must share an element or characteristic that "marks both crimes *as having been committed by the same person.*" *Id.* (emphasis added).

This language underscores the fact that an extraneous offense is admissible only when it involves the defendant on trial in the primary case. As the court noted in

*Ford,* evidence of other crimes may unduly prejudice the jury and, therefore, it must be shown to be more reliable and of greater probative value. In the instant case, the testimony and evidence conclusively established that appellant was not present during the second transaction. Thus, none of this evidence was relevant to the criminal charge against which appellant defended himself.

■ Contrary to the State's arguments, we do not feel that trial counsel's failure to object to these numerous references to highly prejudicial and irrelevant testimony was "trial strategy." *See Ruth v. State,* 522 S.W.2d 517, 519 (Tex.Crim.App.1975) (Morrison, J., concurring) ("[t]he failure to make the proper objection to clearly inadmissible evidence relating to juvenile convictions approximately 64 times during one trial could not be construed as trial strategy"). Furthermore, we think it is important to look at the quantity of this inadmissible evidence. The Court of Criminal Appeals has stated, "[a]lthough an isolated instance of a failure to object to inadmissible evidence does not necessarily render counsel ineffective," in a case in which there is not a single objection to numerous and repeated showings of irrelevant and prejudicial evidence, reversal is appropriate. *Cude v. State,* 588 S.W.2d 895, 898 (Tex.Crim.App.1979). We agree with appellant that trial counsel's failure to object to this evidence was an act of ineffective assistance.

### 3. Failure to Attack Validity of Complaint

Appellant contends that trial counsel was ineffective in his assistance because he failed to challenge the validity of the indictment. Appellant bases his argument on the fact that counsel established at trial that Hughes did not in fact sign her name at the bottom of the complaint, where a signature was entered, purporting to be her own. Appellant contends that this "forged" complaint rendered the indictment invalid and, therefore, under *Baldauf v. State,* 456 S.W.2d 136, 137 (Tex.Crim. App.1970), his counsel should have demanded a mistrial and that the State dismiss all charges against appellant.

Appellant's argument is entirely without merit. The name that appellant claims is a forged signature is not a signature at all, but rather an entry indicating the name of the officer who reported the arrest. Thus, we do not have a case in which the signature of the affiant, or "complainant," appears to be forged.

Furthermore, *Baldauf* involved a totally unrelated situation (one in which the complaint alleged the defendant drove while intoxicated on "private" property, while the information alleged that he drove while intoxicated on "public" property) and, therefore, does not apply in the instant cause. Appellant's trial counsel did not act improperly in failing to complain of an invalid complaint to the trial court.

### 4. Failure to Call a Witness

Appellant contends that his trial counsel committed an act of ineffective assistance when he failed to call a witness whose testimony would have strengthened appellant's alibi defense. Appellant has not pointed to any portion of the record that would indicate whether this witness would have been available to testify, nor does appellant even provide the witness' name, although appellant's reference to the record indicates the witness to have been Robert Lyles, a "businessman."

■ In the absence of a showing that Lyles was available to testify, and that appellant would have benefitted from his testimony, appellant's claim of ineffective assistance, based on this issue, must fail. *Wilkerson v. State,* 726 S.W.2d 542, 551 (Tex.Crim.App.1986); *King v. State,* 649 S.W.2d 42, 44 (Tex.Crim.App.1983). Although appellant may argue in his appellate brief(s) that this witness would have been available to testify and, had he done so, would have strengthened appellant's defense, mere assertions in an appellate brief, unsupported by the record, will not be accepted as fact. *Vanderbilt v. State,* 629 S.W.2d 709, 717 (Tex.Crim.App.1981), *cert. denied,* 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 169 (1982).

### 5. Failure to Object to Prosecutorial Misconduct

Appellant contends that his trial counsel failed to assist his defense effectively because counsel did not object to prosecutorial misconduct. Appellant asserts that the prosecutor purposefully grabbed a bag displayed in the courtroom in such a manner that its contents—guns—fell onto a table in the full view of the jury. The record reflects no such incident.

As stated above, allegations of ineffective representation will be sustained only if they are firmly founded. *Mercado v. State*, 615 S.W.2d at 228. The record does not reflect that this incident in fact occurred; therefore, we cannot hold that trial counsel was ineffective on this basis.

### 6. Admission of Appellant's Guilt in Final Argument

Appellant contends that the following excerpt from his trial counsel's final argument constituted an admission of appellant's guilt and thus foreclosed any possibility of the jury accepting appellant's alibi defense:

> I've told you about the evidence that's supposed to hurt us. And since I don't have much that's going to help us except people who were here, who were there, who came here and told you they were and that they were arrested and—I don't know how much weight you're going to give that. Beulah Mae said he wasn't there. Ernest said he wasn't there. There was the lady who wasn't there but who was at the restaurant, who said, "He was here with me for thirty minutes." Then here comes the police, flashing guns looking for him. They knew who they were looking for. They were looking for the money they went there to get in the first place; *they just weren't slick enough to get him.*

(Emphasis added.)

Appellant relies on two cases to support his argument. *Miller v. State*, 728 S.W.2d 133, 134–35 (Tex.App.—Houston [14th Dist.] 1987, no pet.), however, involved a much more extreme example of final argument, culminating a trial characterized by egregiously offensive references to the race of the two State's witnesses. *Hutchinson v. State*, 663 S.W.2d 610, 613 (Tex. App.—Houston [1st Dist.] 1983, pet. ref'd), on the other hand, is very similar to the instant case.

*Hutchinson* involved a conviction for delivery of a controlled substance. On appeal, the defendant complained of ineffective assistance. As this Court noted in *Hutchinson*, the totality of the representation is the gauge of ineffective assistance, not an isolated event at trial. *Id.* at 612. This Court came to the conclusion that the defendant's counsel in *Hutchinson* never intended to present any defense to the charges, at least not one that he seriously urged. *Id.* In particular, the defendant complained of his counsel's closing argument, which ran as follows, "That's the way the system works. The prosecutor brings you the evidence against him. I bring whatever evidence I have in his favor." *Id.* at 613. This Court observed that, in light of the events at trial, this argument had the effect of confessing his client's guilt.

Similarly, in the instant case, trial counsel's closing argument in the instant case, when considered in conjunction with the events at trial, essentially admitted the defendant's guilt. One of the many facts adduced at trial in appellant's favor was the fact that the $50 bill exchanged for cocaine in the first transaction—the transaction allegedly involving appellant—was never recovered by the police. Counsel's closing argument, rather than emphasizing that the bill was not in appellant's possession at the time of the arrest, indicated that the bill was in appellant's possession but that the police were not clever enough to find it.

Although standing alone this comment might not be harmful to appellant, in the instant cause, as was the case in *Hutchinson*, when this statement is considered along with the highly prejudicial testimony that was admitted without objection by the defense, it appears to have been to the great detriment of appellant's cause. We agree with appellant that trial counsel com-

mitted an act of ineffective assistance when he made this comment in final argument.

7. Failure to Investigate the Validity of Prior Convictions, Alleged for Enhancement Purposes, and Advice to Sign Stipulation of Evidence Concerning Prior Offenses

Appellant contends that his trial counsel's performance was harmfully deficient in that counsel failed to notice and/or act on the fact that one of the prior convictions used as an enhancement allegation reflected that appellant had appealed. Appellant further contends that his trial counsel erred by advising him to stipulate to all prior convictions.

Regarding appellant's first contention, *viz.*, that counsel failed to investigate the prior convictions alleged by the State for purposes of enhancement, the record neither affirmatively nor implicitly reflects any failure to investigate. Indeed, we have already determined that the record reflects no failure to investigate in general on the part of trial counsel. Therefore, for the reasons expressed above concerning trial counsel's investigation in the instant cause, appellant fails to present this Court with error requiring reversal. *See Cook v. Lynaugh,* 821 F.2d 1072, 1078 (5th Cir.1987) (the Constitution imposes no general, or *per se,* duty on counsel to investigate a defendant's prior convictions); *Mercado v. State,* 615 S.W.2d at 228 (allegations of ineffective representation will be sustained only if they are firmly founded); *compare Ex parte Duffy,* 607 S.W.2d at 519 (in which the court found that an attorney failed to prepare or investigate because of the fact that, *inter alia,* "this record glaringly reflects that trial counsel failed to advance an insanity defense or in any other way make use of psychiatric evidence available to him").

Furthermore, even if counsel had failed to investigate, there was no lack of finality in the two enhancement allegations. In its first enhancement, the State alleged that before the commission of the primary offense, the defendant was convicted of "fel-ony robbery by assault" in cause number 173,264. Appellant contends that the judgment and sentence for this cause number reflect that he gave notice of appeal. Therefore, argues appellant, trial counsel erred by not putting the State to task and requiring that they demonstrate that this appeal was final. Alternatively, appellant argues, counsel should have filed a motion to quash the indictment because this enhancement allegation was incorrect.

Our examination of the record, however, reveals that appellant is confused about the cause number from which he took appeal. On June 29, 1972, appellant was convicted of three separate offenses, each with its own cause number: (1) 173,264—robbery by assault; (2) 173,265—assault with intent to rob; and, (3) 172,572—rape. Appellant only gave notice of appeal in cause number 172,572, the rape conviction. The rape conviction, however, was not used by the State for enhancement. Appellant's complaint in this regard is therefore meritless.

■ Regarding appellant's second argument, *viz.*, that counsel erroneously advised him to stipulate to the evidence of his prior convictions, the decision to stipulate to evidence of past convictions would seem to be a classic example of trial strategy. *See United States v. Giangrosso,* 779 F.2d 376, 380–81 (7th Cir.), *cert. denied,* 475 U.S. 1031, 106 S.Ct. 1237, 89 L.Ed.2d 345 (1986), and *United States v. Zylstra,* 713 F.2d 1332, 1338–39 (7th Cir.), *cert. denied,* 464 U.S. 965, 104 S.Ct. 403, 78 L.Ed.2d 344 (1983) (both holding that decisions to stipulate to evidence are determinations of trial strategy).

It is well-established that the mere fact that another attorney would have adopted a different trial strategy will not support a finding of ineffective assistance of counsel. *Faz v. State,* 510 S.W.2d 922, 926 (Tex. Crim.App.1974). Trial counsel may well have considered the situation and determined that the harm caused by allowing the State to prove appellant's five prior convictions greatly exceeded the harm caused by stipulating to their existence. Furthermore, because the two prior convictions alleged in the enhancement portion of

the indictment were final, appellant fails to demonstrate that trial counsel's decision in the instant case was particularly harmful because appellant was facing punishment as a habitual offender. The State clearly could establish the two prior offenses alleged in the indictment. Therefore, it was inevitable that, if convicted on the indictment as it read in its entirety, appellant would face punishment as a habitual offender. We do not hold that trial counsel was ineffective on this basis.

### 8. Failure to Obtain a Complete Record on Appeal

Appellant contends that his court-appointed *appellate* attorney was ineffective in her assistance because she failed to obtain a complete record for this Court to consider. Prior to appellant's filing his *pro se* brief, however, his appellate counsel filed a motion to supplement the record and provided this Court with the precise materials that appellant argues counsel was negligent in failing to obtain. Therefore, appellant's complaint about the completeness of the record is moot. *See Merkel v. State,* 439 S.W.2d 838, 839 (Tex.Crim.App.1969) (holding that when past problem of ineffective assistance on appeal is corrected, issues about that ineffective assistance are rendered moot).

### 9. & 10. Preparing an *Anders* Brief Before Obtaining a Complete Record and Failure to Raise Significant and Obvious Issues on Appeal

If nothing else, the length of the opinion *so far* should indicate the numerous failures on the part of appellate counsel. Appellant has raised several issues on appeal that have required serious consideration and extensive analysis.

In Texas, defendants have a constitutional right to counsel on appeal when they are pursuing their first appeal of right. *Ex parte Lopez,* 745 S.W.2d 29, 30 (Tex.Crim. App.1988). The right to appellate level counsel also comprehends the right to effective assistance of counsel. *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 837, 83 L.Ed.2d 821 (1985); *Ward v. State,* 740 S.W.2d 794, 799 (Tex.Crim.App.1987).

Appellate counsel has a duty to raise every non-frivolous issue. *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983). This does not mean, however, that counsel is required to raise every issue the record reflects. The right to effective assistance of appellate counsel does not require an attorney to advance every conceivable argument on appeal that the trial record supports. *Gray v. Greer,* 800 F.2d 644, 647 (7th Cir.1986). Appellate counsel is required, however, to raise in his *Anders* brief "anything that might arguably support appeal." *Anders v. California,* 386 U.S. at 744, 87 S.Ct. at 1400.

The *Anders* brief appellate counsel submitted in the instant cause failed to address *any* issue discussed by this Court beyond a bare allusion to the question of evidentiary sufficiency. Although counsel did refer to the failure of the trial court to include in the charge an application paragraph on the law of parties, she did not pursue the significance of this fact. For example, because there was no attempt by the State to pursue a parties theory of culpability, the evidence of the second transaction at 3404 Arlington and the ensuing arrests was entirely irrelevant. Clearly, then, appellate counsel was deficient in her duties to appellant.

### B. Whether the Above–Enumerated Acts of Ineffective Assistance Were Prejudicial to Appellant

Had appellant's trial counsel timely objected to the relevancy of the evidence obtained during and after the second controlled substance transaction, and had his objection been sustained, the only evidence before the jury tying appellant to the initial transaction at 3404 Arlington would have been that of Reeves, the eyewitness, and that of Ernest Hill, one of the persons arrested after the second transaction.

Reeves testified that in the early evening, in March, in a house without electricity and illuminated only by two candles, he briefly encountered appellant. He later

saw appellant drive by this address in a silver Corvette. The officers thereafter arrested appellant at a nightclub.

Hill, called by the defense, testified that appellant was "in and out" of the house at 3404 Arlington. Hill, however, qualified this statement by adding that appellant was not present when the officers were present. All other witnesses testified that they either did not see appellant at the house or that appellant unequivocally was not there. Thus, the trial was reduced to a swearing match.

In light of this testimony adduced at trial, we hold that there is a reasonable possibility that this evidence contributed to appellant's conviction. *White v. State,* 729 S.W.2d 737, 742 (Tex.Crim.App.1987). We hold further that, compounding the harm caused by the admission of the detrimental evidence, discussed above, was trial counsel's final argument, in which he alluded to the culpability of his client. The only defense counsel raised at trial was that of alibi. Thus, it was essential for counsel to convey to the jury the fact that appellant was in no way involved in the drug transactions at 3404 Arlington—that he was elsewhere. By implying that appellant had in his possession the $50 bill from the first transaction but that the police were not "slick enough" to locate the bill, counsel seriously undermined appellant's only defense.

Finally, it is clear that counsel on appeal has failed to adequately fulfill her duties to appellant. Counsel failed even to *refer* to the errors in the admission of prejudicial evidence and in trial counsel's closing argument in her *Anders* brief. In light of the errors committed by appellant's counsel at trial, which on their own would be sufficient to require a reversal and new trial, and the errors committed by appellant's counsel on appeal, we hold that appellant has shown harm resulting from the acts of ineffective assistance committed in the instant cause.

We sustain appellant's fifth point of error.

In his sixth and final point of error, appellant contends that the evidence is in-

sufficient to support the enhancement allegations in the indictment. Those allegations, however, apparently were abandoned prior to the submission of the charge to the jury because the verdict reflects no provision for these allegations and the range of punishment was that applicable to appellant's unenhanced offense. Controlled Substances Act, secs. 4.01(b)(1) and 4.03(a), (b).

Addressing first appellant's complaint that the State improperly placed before the jury evidence of these prior convictions, it is well-settled that objections to the introduction of evidence concerning former convictions, alleged in the indictment, need not be considered on appeal from the conviction of the crime charged when the jury failed to find that defendant had been convicted previously. *Brown v. State,* 152 Tex.Crim. 39, 211 S.W.2d 234 (1948). Addressing second appellant's complaint about the sufficiency of the evidence, he has suffered no harm because the sufficiency of the evidence is to be judged according to the charge given. *Benson v. State,* 661 S.W.2d 708, 714–15 (Tex.Crim.App.1982), *cert. denied,* 467 U.S. 1219, 104 S.Ct. 2667, 81 L.Ed.2d 372 (1984). The charge did not request the jury to find the enhancement allegations as true. As discussed in point of error one, the evidence was sufficient to support the charge as it read. Therefore, appellant's argument is without merit.

We overrule appellant's sixth point of error.

Therefore, based upon our holding upon point of error five, *viz.,* that appellant's trial counsel and appellate counsel denied the appellant effective assistance of counsel, we reverse and remand for a new trial.