COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-469-CR

LINDA D. PERRY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

Linda D. Perry appeals her conviction and sentence for injury to an elderly individual.  In six issues, appellant complains that the trial court improperly admitted extraneous offense evidence and that she received ineffective assistance of counsel.  We affirm.

The law pertinent to this case is well settled, and the facts are well known to the parties.

Appellant lived with and cared for her elderly mother, Bess, from 1998 through June 4, 2004, when Bess died.  During this time, Bess was diagnosed as suffering from malnutrition in March 2002, and appellant’s sister Sherian reported appellant to Adult Protective Services (APS) several times.  Dr. Marc Krouse, the medical examiner who performed Bess’s autopsy, testified that, at the time of her death, Bess was covered in ulcerated lesions, bedsores, drying urine, and feces, and she suffered from protein malnutrition.  Dr. Krouse opined that Bess’s death was a homicide, caused by “cutaneous ulcers with sepsis due to elder neglect.”  

In her first point, appellant complains that the trial court improperly admitted into evidence Sherian’s testimony that appellant had slapped Sherian’s face in April 2002 after Sherian had called APS.  Regardless whether this evidence was properly admitted, a minor slapping incident, which was not described in detail, would not have had a substantial or injurious effect on the jury’s verdict—particularly given the amount of evidence of the crime with which appellant was charged.  Thus, we hold that admission of the evidence did not affect appellant’s substantial rights, and we disregard the alleged error.
(footnote: 2)  We overrule appellant’s first point.

In her second and third points, appellant complains that she received ineffective assistance of counsel because defense counsel did not request a limiting instruction when the slapping evidence was admitted and did not obtain a ruling on appellant’s motion in limine, which would have prevented the slapping incident evidence from being admitted.

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that her counsel’s representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel’s deficiency, the result of the trial would have been different.
(footnote: 3)  As we have noted, admission of the slapping incident would not have had a substantial or injurious effect on the jury’s verdict in this case.  Therefore, appellant has not established 
that there is a reasonable probability that the result of her trial would have been different if the alleged deficiencies in her counsel’s performance had not occurred
.  Accordingly, we overrule appellant’s second and third points.

In her fourth and fifth points, appellant complains that her counsel was ineffective during the punishment phase of trial because he did not object to the admission of evidence of appellant’s prior conviction for misdemeanor theft, but instead stipulated to it.  Appellant argues that defense counsel should have objected because appellant was not represented by counsel when she was initially placed on deferred adjudication community supervision for the theft, and her purported fingerprint on the exhibit “does not appear to be of a quality” that a fingerprint expert could have tied to appellant.
(footnote: 4)
 The order placing appellant on deferred adjudication states that “the State appeared by the District Attorney and the Defendant appeared in person and by counsel, __________, and both parties announced ready for trial.”  While it would have been the better practice to name appellant’s attorney in the order, this omission does not mean that appellant was not represented by counsel.
(footnote: 5)  Further, absent expert testimony, appellant’s argument regarding whether an expert could have tied the fingerprint on the exhibit to her is mere speculation.
(footnote: 6)  Therefore, appellant has not established that defense counsel’s actions regarding appellant’s prior theft conviction 
fell below the standard of prevailing professional norms
.  Accordingly, we overrule appellant’s fourth and  fifth points.

Having overruled all of appellant’s points, we affirm the trial court’s judgment. 

PER CURIAM

PANEL F:  CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH 

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 14, 2007 
 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. R. App. P.
 44.2(b); 
Johnson v. State
, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998);
 King v. State
, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (setting out the standard of review).

3:
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); 
Mallett v. State
, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001); 
Thompson
 
v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

4:
In her sixth point, appellant complains that the trial court should not have admitted the evidence of the prior conviction for these reasons.  This complaint is forfeited because it was not raised in the trial court.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).
  Therefore, we overrule appellant’s sixth point.

5:
See Light v. State,
 15 S.W.3d 104, 107 (Tex. Crim. App. 2000) (stating that, absent evidence of impropriety, a reviewing court must indulge every presumption in favor of the regularity of the lower court’s proceedings and documents)
; Martinez v. State,
 469 S.W.2d 185, 186 (Tex. Crim. App. 1971) (holding that a prior judgment’s failure to name defense counsel did not mean appellant was not represented by counsel).

6:
See also Stafford v. State,
 758 S.W.2d 663, 673 (Tex. App.—Houston [1st Dist.] 1988) (“[T]he decision to stipulate to evidence of past convictions would seem to be a classic example of trial strategy.”), 
rev’d on other grounds,
 813 S.W.2d 503 (Tex. Crim. App. 1999).