COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-469-CR

 

 

LINDA D. PERRY                                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

Linda D. Perry appeals her
conviction and sentence for injury to an elderly individual.  In six issues, appellant complains that the
trial court improperly admitted extraneous offense evidence and that she
received ineffective assistance of counsel. 
We affirm.

The law pertinent to this
case is well settled, and the facts are well known to the parties.








Appellant lived with and
cared for her elderly mother, Bess, from 1998 through June 4, 2004, when Bess
died.  During this time, Bess was
diagnosed as suffering from malnutrition in March 2002, and appellant=s sister Sherian reported appellant to Adult Protective Services (APS)
several times.  Dr. Marc Krouse, the
medical examiner who performed Bess=s autopsy, testified that, at the time of her death, Bess was covered
in ulcerated lesions, bedsores, drying urine, and feces, and she suffered from
protein malnutrition.  Dr. Krouse opined
that Bess=s death was
a homicide, caused by Acutaneous
ulcers with sepsis due to elder neglect.@  








In her first point, appellant
complains that the trial court improperly admitted into evidence Sherian=s testimony that appellant had slapped Sherian=s face in April 2002 after Sherian had called APS.  Regardless whether this evidence was properly
admitted, a minor slapping incident, which was not described in detail, would
not have had a substantial or injurious effect on the jury=s verdictCparticularly
given the amount of evidence of the crime with which appellant was
charged.  Thus, we hold that admission of
the evidence did not affect appellant=s substantial rights, and we disregard the alleged error.[2]  We overrule appellant=s first point.

In her second and third
points, appellant complains that she received ineffective assistance of counsel
because defense counsel did not request a limiting instruction when the
slapping evidence was admitted and did not obtain a ruling on appellant=s motion in limine, which would have prevented the slapping incident
evidence from being admitted.








To establish ineffective
assistance of counsel, appellant must show by a preponderance of the evidence
that her counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s deficiency, the result of the trial would have been different.[3]  As we have noted, admission of the slapping
incident would not have had a substantial or injurious effect on the jury=s verdict in this case. 
Therefore, appellant has not established that there is a reasonable
probability that the result of her trial would have been different if the
alleged deficiencies in her counsel=s performance had not occurred. 
Accordingly, we overrule appellant=s second and third points.

In her fourth and fifth
points, appellant complains that her counsel was ineffective during the
punishment phase of trial because he did not object to the admission of
evidence of appellant=s prior
conviction for misdemeanor theft, but instead stipulated to it.  Appellant argues that defense counsel should
have objected because appellant was not represented by counsel when she was
initially placed on deferred adjudication community supervision for the theft,
and her purported fingerprint on the exhibit Adoes not appear to be of a quality@ that a fingerprint expert could have tied to appellant.[4]








The order placing appellant
on deferred adjudication states that Athe State appeared by the District Attorney and the Defendant appeared
in person and by counsel, __________, and both parties announced ready for
trial.@  While it would have been the
better practice to name appellant=s attorney in the order, this omission does not mean that appellant
was not represented by counsel.[5]  Further, absent expert testimony, appellant=s argument regarding whether an expert could have tied the fingerprint
on the exhibit to her is mere speculation.[6]  Therefore, appellant has not established that
defense counsel=s actions
regarding appellant=s prior
theft conviction fell below the standard of prevailing professional norms.  Accordingly, we overrule appellant=s fourth and  fifth points.

Having overruled all of
appellant=s points, we
affirm the trial court=s judgment.        

PER CURIAM

PANEL F: 
CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

DELIVERED: 
June 14, 2007                          











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. App. P. 44.2(b); Johnson v.
State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); King v. State,
953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (setting out the standard of
review).





[3]Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064
(1984); Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); Mallett
v. State, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001); Thompson v.
State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).





[4]In
her sixth point, appellant complains that the trial court should not have
admitted the evidence of the prior conviction for these reasons.  This complaint is forfeited because it was
not raised in the trial court.  Tex. R.
App. P. 33.1(a)(1); Mosley
v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert. denied, 526 U.S.
1070 (1999). 
Therefore, we overrule appellant=s sixth point.





[5]See
Light v. State, 15 S.W.3d 104, 107 (Tex. Crim. App. 2000)
(stating that, absent evidence of impropriety, a reviewing court must indulge
every presumption in favor of the regularity of the lower court=s
proceedings and documents); Martinez v. State, 469 S.W.2d 185, 186 (Tex.
Crim. App. 1971) (holding that a prior judgment=s
failure to name defense counsel did not mean appellant was not represented by
counsel).





[6]See
also Stafford v. State, 758 S.W.2d 663, 673 (Tex. App.CHouston
[1st Dist.] 1988) (A[T]he
decision to stipulate to evidence of past convictions would seem to be a
classic example of trial strategy.@), rev=d on
other grounds, 813 S.W.2d 503 (Tex. Crim. App. 1999).