Opinion issued December 31, 2009                                                 

 

 

 



 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00613-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



RICHARD NATHANIEL
CATO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 405th District Court

Galveston County, Texas

Trial Court Cause No. 07CR1193

 

 

 



MEMORANDUM OPINION

 

          Appellant Richard Nathaniel Cato
pleaded guilty to murder without an agreed recommendation on punishment.  See Tex.
Penal Code Ann. § 19.02 (Vernon 2003).  The jury assessed punishment at 40 years’
imprisonment.  Cato brings a single
issue, alleging ineffective assistance of counsel.  We affirm.

Background

          Texas City police officers were
dispatched to Cato and his wife’s apartment in the early morning of April 17,
2007, in response to an EMS assist call. 
EMS came to the apartment in response to a 911 telephone call from
Cato.  When the police officers arrived,
EMS personnel were performing CPR on Cato’s wife, but she was unresponsive.  Cato’s wife was transported to the hospital
where she was pronounced dead on arrival.    Beginning
later that morning and continuing for a period of approximately twenty-four
hours, Cato gave three written and five videotaped statements to the
police.  In those interviews, Cato
explained that he came to the police station because his wife’s brother
threatened him with a knife and chased him in a car.  During the interviews, Cato eventually
admitted to the police that he killed his wife by squeezing her throat with one
of his hands and that he was using cocaine that evening.  Cato was formally arrested at 9:25 p.m. on
April 17, 2007, and he gave his last statement the next morning at 10:00 a.m.

          Cato’s trial counsel filed a motion to
prohibit the State from attempting to introduce the statements made to the
police into evidence without prior approval of the trial court.  The State agreed to this motion in limine,
and the trial court granted the motion. 
Notwithstanding this motion, the State introduced the statements during
the trial on punishment without objection.

          Cato testified at the trial on
punishment.  He explained that he had a
fight with his wife, which became physical. 
Cato testified he “exploded in a fit of rage” and that he was not really
sure what happened to him as a person. 
He admitted to strangling his wife. 
When he realized that she was unconscious, he tried to perform CPR.  After the first attempt to revive his wife
was unsuccessful, Cato called his mother and said, “I think I may have killed
my wife.”  He later called 911 and tried
to perform CPR again until EMS personnel arrived.

          The trial court appointed Cato a new
lawyer on appeal, who filed a timely motion for new trial.  The motion did not request an evidentiary
hearing, but instead made a general contention that the verdict was contrary to
the law and evidence.  No complaint of
ineffective assistance of counsel was made in the motion for new trial.

Analysis

          Cato claims his trial counsel was
ineffective at the punishment stage because trial counsel (1) did not file a pretrial
motion to suppress the written and videotaped statements Cato made to the
police and (2) did not object to the admission and use of these statements at
trial.  To be entitled to a new trial
based on ineffective assistance, a defendant must show that counsel’s
performance was so deficient that he was not functioning as acceptable counsel
under the Sixth Amendment, and there is a reasonable probability that, but for
counsel’s error, the result of the proceedings would have been different.  See Strickland v. Washington,
466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Hernandez v. State, 726
S.W.2d 53, 55–57 (Tex. Crim. App. 1986). 
The defendant bears the burden to prove ineffective assistance of
counsel.  See Strickland,
466 U.S. at 687, 104 S. Ct. at 2064.

          Allegations of ineffective assistance
of counsel must be firmly founded in the record.  McFarland v. State, 928 S.W.2d 482,
500 (Tex. Crim. App. 1996).  The review
of trial counsel’s representation is highly deferential and presumes that
counsel’s actions fell within a wide range of reasonable professional
assistance.  See Thompson v.
State, 9 S.W.3d 808, 812–13 (Tex. Crim. App. 1999) (citing McFarland,
928 S.W.2d at 843)).  When the record is
silent on the motivations underlying trial counsel’s tactical decisions, the
appellant usually cannot overcome the strong presumption that trial counsel’s
conduct was reasonable.  See Thompson,
9 S.W.3d at 813.

          In the majority of cases, the record
on direct appeal is undeveloped and cannot adequately reflect the motives
behind trial counsel’s actions.  See
Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).  Because the reasonableness of trial counsel’s
choices often involves facts that do not appear in the appellate record, the
Court of Criminal Appeals has stated that trial counsel should ordinarily be
given an opportunity to explain his or her actions before a court reviews that
record and concludes trial counsel was ineffective.  See Bone v. State, 77 S.W.3d
828, 836 (Tex. Crim. App. 2002).  A
petition for writ of habeas corpus usually is the appropriate vehicle to
investigate ineffective-assistance claims. 
See Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App.
2002).  Without proof from the defendant
that there is no plausible professional reason for trial counsel’s act or
omission, the reviewing court may not speculate on why counsel acted as he
did.  See Bone, 77 S.W.3d
at 835–36. 

          On appeal, Cato argues that his trial
counsel failed the first prong of Strickland—counsel’s performance was
so deficient that he was not functioning as acceptable counsel under the Sixth
Amendment—because his trial counsel did not file a pretrial motion to suppress
Cato’s statements to the police and did not object to their admission during
the trial on punishment.  In making this
argument, Cato provides no authority in which the defendant pleaded guilty, but
the defendant nonetheless claimed on appeal that his trial counsel was
ineffective because counsel failed to suppress evidence of the defendant’s
guilt at the trial on punishment.  Cato
does rely upon authority from this Court that not filing a motion to suppress
does not constitute per se ineffective assistance of counsel.  See Stafford v. State, 758
S.W.2d 663, 669 (Tex. App.—Houston [1st Dist.] 1988), rev’d on other grounds,
813 S.W.2d 503 (Tex. Crim. App. 1991).

          Cato’s argument under the first prong
of Strickland does not acknowledge that he pleaded guilty.  Cato does not argue that he pleaded guilty
because of his trial counsel’s deficient performance.  Nor does Cato argue that notwithstanding his
guilty plea, his trial counsel was ineffective in allowing his statements to be
admitted into evidence because that somehow adversely affected the jury’s
assessment of his punishment.

          We need not speculate why Cato pleaded
guilty.  On direct examination by his
trial counsel during the punishment trial, Cato explained why he gave his
written and video statements to the police:

Q.      And you
voluntarily gave all of these statements?

A.      I did.

Q.      Without
having a lawyer present, without being advised by a lawyer?

A.      Yes.

Q.      Why did
you do that?

A.      I wanted
them to know what I had done.  I wanted
-- see, this happened and it’s something that I can’t ever fix, I can’t ever
take back.  I look at all the lives I’ve
destroyed and changed.  And taking
responsibility for this and standing here before you and accepting my
punishment is the closest thing I can offer anybody to some kind of closure,
even for myself and the guilt that I feel and have to live with every day.  Every time I see a child on TV or every time
I see somebody with a wedding ring on, every time I look and a woman’s walking
by, you know, I think about the family that I had and what I’ve destroyed and I
can never fix it.  The only thing I can
do is offer myself and take responsibility for what I have done and pay for it
the best that I can.  But it will never
be enough.

 

Cato does not
attempt to explain on appeal why this testimony was involuntary.

          It is Cato’s burden to prove that
there was no plausible professional reason for his trial counsel to not file a
motion to suppress and object to the admission of Cato’s statements to the
police.  The State suggests that
refraining from objecting to the admission of the statements was sound trial
strategy because this allowed the jury to hear potentially mitigating evidence
that Cato attempted to perform CPR on his wife. 
The State goes on to note that the jury only assessed a sentence of 40
years, out of a possible life sentence. 
Without speculating whether this was in fact trial counsel’s strategy,
we hold that Cato has not met his burden under the first prong of Strickland
to prove that his trial counsel was deficient. 
Because failure to make the required showing of either deficient
performance or sufficient prejudice defeats an ineffectiveness claim, we do not
reach Cato’s arguments on the second prong of Strickland.  See Thompson, 9 S.W.3d at 813.

          We overrule Cato’s sole issue.

Conclusion

          We affirm the
trial court’s judgment.

 

 

                                                          Michael
Massengale

                                                          Justice

 

 Panel consists of Chief Justice Radack and
Justices Bland and Massengale.

Do not publish.  Tex.
R. App. P. 47.2(b).