Opinion Issued October 21, 2004











In The
Court of Appeals
For The 
First District of Texas




NO. 01-03-00836-CR




 REGINALD JARRELS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 176th District Court
 Harris County, Texas
Trial Court Cause No. 870069


 
MEMORANDUM OPINION
          The trial court found appellant, Reginald Jarrels, guilty of felony assault on
a family member. See Tex. Pen. Code Ann. § 22.01 (a)(1)(2), (b)(2) (Vernon Supp.
2004-2005). Appellant pleaded true to an enhancement paragraph alleging a prior
conviction for assault, and the trial court assessed punishment at five years in prison.
 We determine (1) whether the evidence at trial was legally and factually sufficient,
(2) whether appellant was denied effective assistance of counsel, and (3) whether the
trial court erred in overruling appellant’s amended motion for new trial.


 We affirm.
Facts
          On February 24, 2001, appellant was released from jail, where he had served
a sentence for assault. The next night at about 3:30 a.m., after a series of arguments
with appellant, Sarah Jarrels allowed appellant to come inside her home. Appellant
and Sarah talked for a couple of hours. At some point, appellant became angry and
pushed Sarah in the chest. Appellant then punched Sarah in the side and back of her
head and rubbed her face into the carpet. Appellant told Sarah that if she called the
police, he would kill her. After appellant left, Sarah called her neighbor and the
police. Sarah’s neighbor, Royce Galbreath, came over and noticed that Sarah’s
cheek and chest were bruised and that the living area was in disarray. Deputy R.W.
Glaze arrived shortly thereafter and also observed that Sarah had a bruise on the right
side of her face and on her chest. 
Legal and Factual Sufficiency
          In his first and second points of error, appellant contends that the evidence was
legally and factually insufficient to support his conviction because the State failed to
prove that the victim was appellant’s family member.
          In a legal-sufficiency review, we view the evidence in the light most favorable
to the conviction and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt. King v. State, 29
S.W.3d 556, 562 (Tex. Crim. App. 2000); Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000). In reviewing a factual-sufficiency challenge, we ask “whether a
neutral review of all the evidence, both for and against the finding, demonstrates that
the proof of guilt is so obviously weak as to undermine confidence in the jury’s
determination, or the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof.” Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000). The factual-sufficiency standard “acknowledges that evidence of guilt can
‘preponderate’ in favor of conviction but still be insufficient to prove the elements of
the crime beyond a reasonable doubt.” Zuniga v. State, No. 539-02, 2004 WL
840786, at *7 (Tex. Crim. App. Apr. 21, 2004). The appellate court should not
substitute its own judgment for that of the fact finder. Jones v. State, 944 S.W.2d
642, 648 (Tex. Crim. App. 1996). The fact finder is entitled to believe all, some, or
none of any witness’s testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim.
App. 1986). 
              To prove the felony offense of assault on a family member, the State must show
that a person intentionally, knowingly, or recklessly caused bodily injury to another
family member and that the defendant had previously been convicted of assault
against a member of the defendant’s family or household. Tex. Penal Code Ann.
§ 22.01(a)(1), (b)(2). Under this section, “family” includes: persons related by
consanguinity or affinity; former spouses; persons who are parents of the same
biological child, without regard to marriage; and foster parent and child. See Tex.
Penal Code Ann. § 22.01; see also Tex. Fam. Code Ann. § 71.003 (Vernon 2002). 
Two persons are related by affinity if they are married to each other. Id. 
          Appellant contends that the evidence is both legally and factually insufficient
to show that Sarah was a household or family member of appellant. Appellant first
asserts that the evidence is insufficient to prove that he and Sarah were members of
the same household because they did not reside together in the same household. 
Appellant next contends that he and Sarah were not “family” as defined in Section
71.003 of the Family Code because they were not married, either formally or by
common law, were not former spouses, and were not biological parents of the same
children. Specifically, appellant asserts that he did not represent to others that he was
married to Sarah, a required element of common-law marriage.


 Appellant supports
this theory with testimony from his mother, Bernice Jarrels, that she never heard that
appellant and Sarah were married until the “Saturday before this incident.” Second,
appellant points to the testimony of his acquaintance of eight or nine years, Mike
Bradberry, to show that he was not married to Sarah because Bradberry was unaware
that appellant had a wife or children. Appellant avers that the testimony of these
witnesses conflicts with Sarah’s testimony that she and appellant were married. 
Appellant also contends that there is no evidence to establish that appellant and Sarah
were the parents of the same biological children because no paternity tests were
conducted and appellant did not sign the children’s birth certificates. Appellant
supports this theory by pointing to his own testimony that he was unsure if Sarah’s
children were his children and Bernice Jarrels’s testimony that she did not believe
that the children were her grandchildren.
          Sarah Jarrels testified that she married appellant in a ceremony officiated by
Judge McElroy and that she was the wife of appellant. Sarah testified that she and
appellant lived together for four years and that appellant introduced her to others as
his wife. The evidence also shows that appellant wrote Sarah letters referring to her
as his wife and addressed those letters to “Sarah Jarrels.” Furthermore, Sarah’s
driver’s license and social security card reflect that her last name was that of
appellant, Jarrels. Sarah testified that she and appellant had three children while they
lived together. At trial, appellant repeatedly referred to “my children” when testifying
about spending time at Sarah’s home with her and the children. Appellant was named
as father on one child’s vital record. Finally, appellant stipulated that he had been
previously convicted of assault of a family member, namely Sarah.
          Although both Bernice Jarrels and Mike Bradberry testified that they were
unaware that appellant was married to Sarah, the fact finder, as the sole judge of the
weight and credibility of the witness testimony, could disbelieve any or all of the
testimony proffered and weigh the evidence in the manner that it chose. See Bruno
v. State, 922 S.W.2d 292, 293 (Tex. App.—Amarillo 1996, no pet.). Despite Bernice
Jarrels’s and Mike Bradberry’s testimony that they were unaware that appellant and
Sarah were married, the above facts are sufficient to show that appellant and Sarah
were married. The above facts are also sufficient to show that appellant and Sarah
were biological parents of the same children. Therefore, the evidence is legally and
factually sufficient to show that appellant and Sarah were family members. See Tex.
Penal Code Ann. § 22.01.
          We overrule appellant’s first and second points of error. 
Ineffective Assistance of Counsel
          In appellant’s third through sixth points of error, he contends that trial counsel
rendered ineffective assistance of counsel by stipulating to two of the State’s exhibits,
failing to object to the trial court’s jurisdiction, failing to investigate his case fully,
failing to move for directed verdict, and failing to object to appellant’s punishment. 
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687-96, 104 S. Ct.
2052, 2064-69 (1984). See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999); Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999) (applying
Strickland standard at punishment phase of non-capital trial). Appellant must show
both that (1) counsel’s performance was so deficient that he was not functioning as
acceptable counsel under the Sixth Amendment and (2) there is a reasonable
probability that, but for counsel’s error or omission, the result of the proceedings
would have been different, i.e., the error or omission was sufficient to undermine
confidence in the proceeding’s outcome. Strickland, 466 U.S. at 687-96, 104 S. Ct.
at 2064-69. The constitutional right to counsel does not mean the right to errorless
counsel. See Saylor v. State, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). In
determining whether counsel was ineffective, we consider the totality of the
circumstances of the particular case. Thompson, 9 S.W.3d at 813.
          It is the defendant’s burden to prove ineffective assistance of counsel by a
preponderance of the evidence. Id. A defendant must overcome the presumption
that, under the circumstances, the challenged action might be considered sound trial
strategy. Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996,
no pet.). Assertions of ineffective assistance of counsel must be firmly founded in the
record. Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). We will normally
not speculate to find trial counsel ineffective when the record is silent on counsel’s
reasoning or strategy. See Henderson v. State, 29 S.W.3d 616, 624 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d); Gamble, 916 S.W.2d at 93. However,
“in the rare case” in which the record suffices “to prove that counsel’s performance
was deficient” despite the record’s silence concerning counsel’s strategy, “an
appellate court should obviously address the [ineffective-assistance] claim . . . .” 
Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000).
          In his third point of error, appellant complains that he was denied effective
assistance of counsel because trial counsel stipulated to State’s exhibits 1 and 7,
which were the judgment for appellant’s prior conviction of assault and the statement
that appellant is the same individual convicted of the prior assault. Appellant argues
that, by stipulating to the exhibits, counsel relieved the State of its burden to show
that Sarah was “family” within the scope of the Texas Penal Code Section 22.01 (a)
(1)(2), (b)(2). Appellant also contends that trial counsel was ineffective for failing
to thoroughly investigate the law and facts. 
          The decision to stipulate to prior convictions is a classic example of trial
strategy. See Stafford v. State, 758 S.W.2d 663, 673 (Tex. App.—Houston [1st Dist.]
1988), rev’d on other grounds, 813 S.W.2d 503 (Tex. Crim. App. 1991). Moreover,
nothing in the record shows counsel’s reasons for stipulating to the State’s exhibits. 
Holding trial counsel ineffective based on this record would require us to speculate,
which we decline to do. See Gamble, 916 S.W.2d at 93. Therefore, we must presume
that counsel had a plausible reason for his actions. See Thompson v. State, 9 S.W.3d
808, 814 (Tex. Crim. App. 1999). 
          Appellant also contends that trial counsel failed to investigate the law and facts
adequately. Appellant fails to point to instances in the record showing that counsel
failed to investigate. However, in appellant’s amended motion for new trial, he
asserts that a proper investigation would have revealed that appellant’s prior
conviction for assault was devoid of an affirmative finding of family violence. We
construe appellant’s argument to be that, without the prior conviction of assault on
a family member, the charged offense would have been classified as a misdemeanor;
thus, appellant was harmed by the felony district court having heard a misdemeanor
case. 
          Appellant’s argument assumes that the only way the State could have proved
that the prior conviction involved family violence was by introducing an affirmative
finding in the judgment. Section 22.01 (b)(2) of the Texas Penal Code only requires
that it be shown at trial a defendant was previously convicted of assault against a
member of the defendant’s family or household, however. See Tex. Pen. Code Ann.
§ 22.01 (b)(2). The statute does not prescribe the method of proof. Appellant’s trial
counsel may be been willing to stipulate because trial counsel knew that the State had
other means of proof. We do not know, however, because at appellant’s motion-for-new-trial hearing, trial counsel was not presented and afforded an opportunity to
explain appellant’s allegations of ineffective assistance. Therefore, appellant has not
met his burden to prove ineffective assistance of counsel. 
          We overrule appellant’s third point of error. 
          In his points fourth through sixth points of error, appellant complains that trial
counsel was ineffective for failing to object to the jurisdiction of the trial court,
failing to move for directed verdict, and failing to object to appellant’s sentence. On
appeal, appellant’s brief contains no citation to any legal authority in support of these
contentions. Accordingly, appellant has waived these three points of error because
of inadequate briefing. See Tex. R. App. P. 38.1(h); Vuong v. State, 830 S.W.2d 929,
940 (Tex. Crim. App. 1992). 
 
          We overrule appellant’s fourth, fifth, and sixth points of error.
Amended Motion for New Trial
 
          In his seventh point of error, appellant contends that the trial court erred in
denying his amended motion for new trial based on his allegations of ineffective
assistance of counsel. The amended motion for new trial addressed counsel’s
stipulation to the prior conviction for assault on a family member. At the hearing on
the motion for new trial, appellant requested that the trial court take judicial notice
of his affidavit swearing that he was not married to Sarah, which was included with
his amended motion for new trial. The trial court denied the motion. 
          A trial court’s ruling on a motion for new trial is reviewed for an abuse of
discretion and will be upheld if it is correct under any theory of law. Martinez v.
State, 74 S.W.3d 19, 21 (Tex. Crim. App. 2002); Salazar v. State, 38 S.W.3d 141, 148
(Tex. Crim. App. 2001).
          At the hearing on his motion for new trial, appellant did not present trial
counsel and afford an opportunity for trial counsel to explain appellant’s allegations
of ineffective assistance of counsel. Therefore, the trial court did not abuse its
discretion by denying the motion for new trial based on the same theories that we
have already addressed and overruled in a previous points of error. 
          We overrule appellant’s seventh point of error.Conclusion
We affirm the judgment of the trial court.
 
Tim Taft
                                                                        Justice
 
Panel consists of Justices Taft, Jennings, and Bland.
 
Do not publish. Tex. R. App. P. 47.2(b).