NO. 07-08-0210-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 2, 2009
_____

TROY A. BOWLEY,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-418,423; HON. CECIL G. PURYEAR, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Troy A. Bowley was convicted of felony DWI. He claims on appeal that his conviction should be reversed because 1) he received ineffective assistance of counsel, and 2) the trial court erred in not instructing the jury to disregard comments from the prosecutor about plea negotiations or granting a mistrial. We reverse.

*Ineffective Assistance of Counsel*

DWI is elevated to a third degree felony if the defendant has two prior DWI convictions. TEX. PEN. CODE ANN. §49.09(b) (Vernon Supp. 2008). Proof of the two prior convictions is an element of the offense which must be proven by the State during the guilt/innocence phase of the trial. *Will v. State,* 794 S.W.2d 948, 952-53 (Tex. App.– Houston [1st Dist.] 1990, pet. ref'd). However, a defendant may stipulate to the two predicate offenses which prevents the State from proving them during its case-in-chief. *Hernandez v. State,* 109 S.W.3d 491, 494 (Tex. Crim. App. 2003). Whether to stipulate, though, has been presumed to be a matter related to trial strategy. *Tuton v. State,* No. 02-04-512-CR, 2005 Tex. App. LEXIS 10270 at *12 (Tex. App.–Fort Worth December 8, 2005, no pet.) (not designated for publication); *Stafford v. State,* 758 S.W.2d 663, 673-74 (Tex. App.–Houston [1st Dist.] 1988), *rev'd on other grounds,* 813 S.W.2d 503 (Tex. Crim. App. 1991). This is particularly so when the record is silent as to why counsel did what he did. *Id.*

Here, the record fails to disclose why counsel opted not to stipulate to the prior convictions. Thus, we must presume that it was part of his trial strategy. *Tuton v. State, supra*; *Stafford v. State, supra*.

Moreover, appellant fails to illustrate how the decision affected the outcome. This is important because he has the burden to prove not only error but also prejudice. *Cannon v. State,* 252 S.W.3d 342, 348-49 (Tex. Crim. App. 2008). Merely concluding that the outcome was affected, without explaining how, is not enough. In those situations, we are

2

effectively asked to perform appellant's job, which we cannot. Consequently, the first four issues are overruled.[1]

*Reference to Plea Negotiations*

Next, appellant contends that the trial court erred in failing to instruct the jury to disregard the State's reference to plea negotiations and grant a mistrial. We agree.

The issue arose upon cross-examination of appellant. During his direct examination, he had testified about how he admitted to committing the acts underlying his previous convictions; because he admitted that they occurred, he allegedly had decided to plead guilty to them. However, he denied committing the current offense, and that was why he had not pled guilty to it. In other words, appellant was trying to portray to the jury how he took responsibility for his wrongs when he actually was wrong, and because he was not taking such responsibility now, he must not have violated the law. In effort to discredit him, the State interrogated him about those prior convictions and then asked whether the reason he was not pleading guilty now was "because we couldn't agree on a plea agreement that you preferred." To that appellant objected. The trial court sustained appellant's objection but denied his request for an instruction to disregard. It also denied mistrial.

Given the manner in which the question was posed, one could reasonably interpret it as disclosing that plea negotiations had occurred, that potential offers were made and

---

[1]We note that the tenor of appellant's argument regarding his claim of ineffectiveness is troublesome. He states within his brief that "[a]ppellate [c]ounsel believes the Appellate Court is well aware of the reputation of [t]rial [c]ounsel" and that to "permit [t]rial [c]ounsel to continue to go to trial without knowing the law is a mistake." These comments smack of some personal animosity held towards trial counsel. Allowing animosity, if any, to guide one's writing and thought process is ill-advised and inappropriate when drafting an appellate brief.

rejected, and that appellant's desires presented the major obstacle to arriving at a bargain. So too is it conceivable that mention of plea negotiations having occurred could mistakenly lead a juror to conclude that appellant believed himself guilty since an innocent person would not contemplate admitting guilt.[2] *See Lara v. State,* No. 13-01-099-CR, 2002 Tex. App. LEXIS 5654 at 8 (Tex. App.–Corpus Christi August 1, 2002, no pet.) (not designated for publication) (stating that "[c]ommon sense tells us, and a juror, that a person who tries to cut a deal is probably guilty"). As the court in *Lara* said, when the question is "'did he do it'" (as it was here), reference to plea negotiations "can only prejudice a defendant." *Id.* at *7-8. So, at the very least, it could be said that the prosecutor's comment and its inherent insinuation of appellant's guilt was improper since it was irrelevant, *see* TEX. R. EVID. 402 (stating that irrelevant evidence is inadmissible), or, if minimally relevant, highly misleading and prejudicial.[3] *See* TEX. R. EVID. 403 (stating that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion, and misleading the jury, among other things); *Prystash v. State*, 3 S.W.3d 522, 527-28 (Tex. Crim. App. 1999) (reaffirming that evidence of plea negotiations is subject to exclusion under Rule 403); *Smith v. State*, 898 S.W.2d 838, 843-44 (Tex. Crim. App. 1995) (holding that reference to plea negotiations was subject to exclusion under Rule 403 since

---

[2] We treat this as an evidentiary matter because that is how the litigants presented it to us. Yet, to the extent that the question itself propounded by the State is not actually evidence, one could reasonably address the issue within the framework of prosecutorial misconduct and arrive at the same outcome. This is so because the public policy discussed in *Prystash v. State,* 3 S.W.3d 522 (Tex. Crim. App. 1999) and *Smith v. State,* 898 S.W.2d 838 (Tex. Crim. App. 1995) is no less applicable. Simply put, disclosing to the jury that plea negotiations occurred can be deemed improper irrespective of whether the disclosure emanated from the prosecutor's question or the witness' answer to the question.

[3] This potentiality is heightened here because the extent of the plea negotiations and whether they actually occurred was truly conjectural since appellant did not answer the question. Nor did anyone develop the matter. So, what we have here is an invitation from the State to the jury to invoke its collective imagination about a highly prejudicial topic while assessing appellant's guilt.

any minimal relevance it may have had in that case was substantially outweighed by the danger of both unfair prejudice and of misleading the jury).[4]

Next, the grave risk of undue prejudice and deception went unabated when the trial court withheld its instruction to disregard the comment. This is troubling because the comment struck at one of the major themes of appellant's defense. At the time, he endeavored to convince the jury of his innocence by establishing that he took responsibility for his actions, and he sought to do this by illustrating that, in the past, he pled guilty when he was actually guilty.[5] Given the "common sense" inference that those engaged in plea negotiations have probably committed the crime, *Lara v. State, supra*, the prosecutor's mention of plea negotiations was a quick, improper way to negate appellant's defense. And, counsel possessed sufficient legitimate evidence to rebut the strategy and establish appellant's guilt, as illustrated by the reporter's record.

To this we add another consideration. While sustaining an objection alone may be enough to stop a litigant from further alluding to the objectionable matter, it does not inform the jurors that they are prohibited from considering what they heard. Additionally, it seems to be the policy of this State that unless instructed otherwise, jurors are free to consider what they heard in the courtroom for all purposes. *See Hammock v. State*, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001) (recognizing that unless a limiting instruction is sought, the

---

[4]Because the trial court sustained the objection and the applicable standard of review is one of abused discretion, we may use any ground to justify the trial court's decision. *See Prystash v. State*, 3 S.W.3d 522, 527 (Tex. Crim. App. 1999) (holding that any ground may be used to justify a decision, irrespective of whether it was propounded at trial, when the standard of review is one of abused discretion). So, we are free of the State's attempt to restrict our review to the application of Texas Rule of Evidence 410, which rule involves the disclosure of "statements" made during plea negotiations.

[5]This was purportedly why he pled guilty to the accusations underlying his prior convictions.

evidence is deemed admitted for all purposes). So, it could be said that withholding the instruction to disregard the prosecutor's reference to plea negotiations in fact left the jurors free to consider them.

Another matter of policy must also be broached. It encompasses that which favors the occurrence of plea and settlement negotiations. Disclosing to a jury that such negotiations occurred "militates against [that] policy," according to the Court of Criminal Appeals. *Prystash v. State*, 3 S.W.3d at 528. Moreover, the policy is well-settled, should affect our decision-making processes, and should have been known to the State's trial counsel.

Finally, there exists legitimate question as to whether affirming the judgment by holding the error harmless would invite the State to repeat this wrong and others. Again, despite the aforementioned and long-established policy, it nevertheless sojourned into the prohibited area. So too has it strived, via its appellate brief, to illustrate the legitimacy of its conduct, despite the dictates by our Court of Criminal Appeals in *Prystash* and *Smith.* Those circumstances hardly suggest that the harmless error rule will not be used as (or has not become) a means of slipping before the jury things that should be excluded.

In short, the State interjected highly prejudicial information into the guilt/innocence phase of the trial. The trial court held as much. However, effort to ameliorate the situation did not occur. That constituted harmful error under the circumstances before us. Consequently, we sustain issues five and six, reverse the judgment of the trial court, and remand the cause.

Brian Quinn
Chief Justice

Publish.

6