

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0914-09

### TROY A. BOWLEY, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### LUBBOCK COUNTY

PRICE, J., filed a dissenting opinion in which MEYERS, JOHNSON and HOLCOMB, JJ., joined.

### DISSENTING OPINION

This case comes to us in such an odd posture that it is difficult for us to say anything of great jurisprudential significance. The trial judge sustained the appellant's general objection without indicating upon what legal basis he understood the appellant to be objecting. In his appellate brief, the appellant proceeded on the assumption that his objection had been predicated upon Rule 410(4) of the Texas Rules of Evidence, which prohibits the use by the State against a defendant of evidence of any "statement" the defendant might have

made in the course of unfruitful plea negotiations.[1] Professors Goode, Wellborn and Sharlot tell us that the rule's prohibition is meant to extend even to a statement that would be relevant as impeachment evidence.[2] The rule represents a policy judgment that even relevant evidence should be excluded in the interest of promoting "frank and free" plea negotiations.[3] Therefore, assuming the rule applies here, the prosecutor's question was objectionable *even if* the appellant's line of questioning otherwise "opened the door" to admission of any other relevant impeachment evidence.

In its reply brief on direct appeal, however, the State argued that the prosecutor's question was not designed necessarily to elicit evidence of any specific "statement" that the appellant may have made during plea negotiations. It is true that the prosecutor's question ("Could it be that [your not guilty plea in this case occurred] because we couldn't agree on a plea agreement that you preferred?") did not focus on any *particular* statement the

---

[1] *See* TEX. R. EVID. 410(4) ("Except as otherwise provided in this rule, evidence of the following is not admissible against the defendant who made the plea or was a participant in the plea discussions: . . . (4) any statement made in the course of plea discussions with an attorney for the prosecuting authority, . . . in a criminal case, that do not result in a plea of guilty or a plea or *nolo contendere* or that results in a plea, later withdrawn, of guilty or *nolo contendere*.").

[2] *See* Steven Goode, Olin Guy Wellborn III & M. Michael Sharlot, 1 TEXAS PRACTICE: GUIDE TO THE TEXAS RULES OF EVIDENCE § 410.2 (3rd ed. 2002), at 348 ("the pleas and related statements mentioned in Rule 410 are inadmissible in subsequent . . . criminal litigation, whether offered either as substantive evidence against the defendant who made the plea or participated in the plea discussions or to impeach him.").

[3] *Id.*, § 410.3, at 352.

appellant may have made during plea discussions. From this the State argued on appeal that the limitations of Rule 410(4) on its ability to develop otherwise relevant impeachment testimony against the appellant ought not to apply.

I am dubious. By focusing on what the parties could not *agree* to, the prosecutor's question does indeed steer clear of any express elicitation of a unilateral statement on the appellant's part. But because a plea agreement ordinarily entails an offer by the prosecutor and an acceptance by the defendant, any evidence of a failure to mutually agree on a plea bargain necessarily implies a communication of *some* kind on the defendant's part—a "statement," if you will—that he did not accept the State's offer. Certainly it communicates that the appellant entertained the option of entering a guilty plea. To allow the prosecutor's question here hardly serves to foster the "frank and free discussions between the parties" that Rule 410's near-absolute prohibition is designed to preserve.[4]

---

[4] The majority proceeds upon a theory that the appellant "opened the door" to the use of his plea proceedings to impeach him in this case, to rectify the misapprehension he implanted with the jury that he always pleads guilty when he is guilty (and, by implication, not guilty when he is not). I am not unmindful of the perceived unfairness to the State here. But, for policy reasons, Rule 410 does not permit such impeachment. Rule 410 *does* contain an exception that would allow for the admission against a defendant of a statement made during unsuccessful plea proceedings in the interest of "fairness," to complete the picture when the defendant himself has already introduced evidence of "another statement" made during those plea proceedings. But this optional-completeness exception is expressly limited to statements made during "the same plea or plea discussions[.]" The appellant's testimony about his *prior* guilty pleas cannot serve under this specific provision of Rule 410 to "open the door" to admission of statements he might have made during plea negotiations pertaining to the instant offense. Perhaps in "fairness" it should, but if the Court believes this represents a lamentable gap in the rule and a windfall for the appellant, we should entrust that perception to our Rules Committee.

In any event, the court of appeals managed to avoid addressing this issue altogether.[5] Instead, the court of appeals held that the trial judge's ruling *might* properly have been predicated upon Rule 403's authorization of trial courts to exclude even relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice," etc., and held that the appellant's objection was properly sustained on that basis.[6] For my part, I seriously doubt that this was the rule that either the appellant or the trial judge had in mind—although on the present record it is, of course, impossible to know. The court of appeals's diversion has nevertheless embroiled this Court in a dispute over the proper application of what is probably not even the relevant evidentiary rule—certainly not the rule the parties briefed below.

Weighing in on this diversionary issue nevertheless (since it is, after all, the issue the court of appeals decided), I must reject the majority's conclusion that the trial court would have abused its discretion had it *actually* predicated its ruling on Rule 403. Reviewing courts afford trial courts wide latitude in their exercise of discretion in this context. A reviewing court should not second guess a trial court's ruling under Rule 403 and call it an abuse of discretion as long as it can be said that the ruling was within the so-called zone of reasonable

---

[5]
 *Bowley v. State*, 280 S.W.3d 530, 533 n.4 (Tex. App.—Amarillo 2009).

[6]
 *See* TEX. R. EVID. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.").

disagreement.[7] When a trial court properly exercises its broad discretion to rule that a particular item of evidence, while perhaps relevant as impeachment, is nevertheless substantially more prejudicial than probative, and excludes it for that reason, it invariably abuses its discretion if it then fails to give a requested instruction to the jury to disregard that evidence if the jury has inadvertently been exposed to it before it could be excluded. This will always be the case when the question itself is objectionable. For reasons expressed in Judge Holcomb's dissenting opinion, I agree that the trial court's Rule 403 ruling in this case (if that is what it *was*, which I strongly doubt) was not outside the zone of reasonable disagreement, and therefore not an abuse of discretion. That being the case, the trial court had *no* discretion, and therefore plainly erred, to refuse the appellant's request to instruct the jury to disregard the prosecutor's question.

But even if the majority were right with respect to the Rule 403 issue, it grievously errs simply to affirm the judgment of the trial court without further ado. If the court of appeals was wrong about the propriety of the trial court's ruling as a matter of Rule 403, the question remains whether the trial court's (probable) actual ruling under Rule 410(a) was within its discretion. Because the court of appeals has never resolved this issue, the correct disposition at this juncture would be to remand the cause to the court of appeals so that it may do so. I must therefore dissent on the additional basis that the Court does not remand the

---

[7] *Montgomery v. State*, 810 S.W.3d 372, 391 (Tex. Crim. App. 1991) (opinion on reh'g).

cause for further proceedings in the court of appeals.

Ultimately, I rue that we ever, in our capacity as a discretionary review court, should have allowed ourselves to get embroiled in a case like this in the first place.


Filed:          May 5, 2010
Publish