

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0914-09

---

### TROY A. BOWLEY, Appellant

### v.

### THE STATE OF TEXAS

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### LUBBOCK COUNTY

---

KEASLER, J., delivered the opinion of the Court in which KELLER, P.J., WOMACK, HERVEY, and COCHRAN, JJ., joined. PRICE, J., filed a dissenting opinion in which MEYERS, JOHNSON, and HOLCOMB, JJ. joined. JOHNSON, J., filed a dissenting opinion. HOLCOMB, J., filed a dissenting opinion in which MEYERS, PRICE, and JOHNSON, JJ., joined.

### O P I N I O N

At trial, the judge refused to give an instruction to disregard after sustaining Bowley's objection to the prosecutor's question about plea negotiations. The Seventh Court of Appeals concluded that the judge erred by not giving the instruction and reversed.[1] We hold that no

---

[1] *Bowley v. State*, 280 S.W.3d 530, 534 (Tex. App.—Amarillo 2009).

instruction was required because Bowley's testimony opened the door to the prosecutor's question. We therefore reverse the court of appeals's judgment.

**Facts**

A jury convicted Bowley of DWI, enhanced by two prior DWI convictions to a third-degree felony.[2] Bowley qualified as an habitual felony offender,[3] and the jury sentenced him to thirty years' imprisonment.

At the guilt phase of Bowley's trial, the prosecutor called Jimmy Isbell, an investigator with the Lubbock County District Attorney's Office, to testify about Bowley's two prior DWI convictions that the State used to enhance the current DWI charge to a felony. Testifying as a fingerprint expert, Isbell positively identified Bowley as the individual previously convicted of those offenses. On cross-examination by Bowley's counsel, Isbell testified that Bowley pled guilty to the previous offenses.

When Bowley testified in his own defense, his attorney questioned him about the judgments from his two prior DWI convictions. The following colloquy transpired:

Q:     . . . I'm going to show you State's Exhibit No. 4. And that's you; is that correct? This is one of your DWIs out of Terry County; is that fair to say?

A:     Yes, sir.

. . .

Q:     Okay. And . . . did you plead to that or take that to trial?

---

[2] TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (Vernon 2003).

[3] TEX. PENAL CODE ANN. § 12.42(d) (Vernon 2003).

A:    I pled to that.

Q:    Okay. Why did you plead to State's Exhibit No. 4?

A:    Because I was guilty of it.

Q:    Okay. Let's do it again with the State's Exhibit No. 5. This is a DWI and this is you, out of Hockley County; is that fair to say?

A:    Yes, sir.

. . .

Q:    Did you take this case to trial or not?

A:    No, sir, I didn't.

Q:    Okay. Why did you plead?

A:    Because I was guilty, sir.

The prosecutor then questioned Bowley about his record:

Q:    Okay. [Defense counsel] said that you pled guilty to all those up there because you were; is that right?

A:    Yes, sir, that is correct.

Q:    You're not pleading guilty here today because you're not guilty; is that right?

A:    Right. That is correct.

Q:    Could it be that it's because we couldn't agree on a plea agreement that you preferred?

[DEFENSE COUNSEL]:   Judge, I guess I will have to object on that. That's –

THE COURT:       Sustained.

[DEFENSE COUNSEL]:   Judge, as well, let me go ahead and ask that this Court

> instruct the jury not to consider that in any type of deliberation, that it's simply just not a proper area for a trial, Judge.

THE COURT:     No instruction will be given.

[DEFENSE COUNSEL]:    Judge, I guess to finish that and perfect my objection, I will ask for a mistrial.

THE COURT:     Denied.

On redirect, Bowley's counsel again questioned him about his prior guilty pleas. Bowley explained that he pled guilty in the prior cases because he knew he was intoxicated. Bowley's counsel did not question him about his reasons for pleading not guilty to the charge in this case.

## Court of Appeals

Bowley appealed, claiming that the trial judge abused his discretion by refusing his request for an instruction to disregard the prosecutor's reference to plea negotiations.[4] Citing the principle that a court of appeals is free to uphold a trial judge's ruling under any theory of law applicable to the case,[5] the court of appeals stated that it was not restricted to State's reliance on Texas Rule of Evidence 410,[6] which involves the disclosure of "statements"

---

[4] *Bowley*, 280 S.W.3d at 532.

[5] *Id.* at 533 n.4 (citing *Prystash v. State*, 3 S.W.3d 522, 527 (Tex. Crim. App. 1999)).

[6] *Id.*

made during plea negotiations.[7] The court of appeals then analyzed the issue under Rules 402 and 403, though it ultimately reversed the trial judge's ruling.[8] It held that the prosecutor's question "was improper because it was irrelevant, or, if minimally relevant, highly misleading and prejudicial."[9] The court of appeals observed, "Given the manner in which the question was posed, one could reasonably interpret it as disclosing that plea negotiations had occurred, that potential offers were made and rejected, and that [Bowley]'s desires presented the major obstacle to arriving at a bargain."[10] The court of appeals further noted that the "grave risk of undue prejudice and deception went unabated when the trial court withheld its instruction to disregard," and it opined that there is a "common sense" inference that those engaged in plea negotiations are guilty of the offense.[11] It thus concluded that the mention of plea negotiations was "a quick, improper way to negate appellant's defense."[12] Because of this concern, combined with the public policy favoring plea bargains and a danger that "holding the error harmless would invite the State to repeat

---

[7] TEX. R. EVID. 410(4).

[8] *Bowley*, 280 S.W.3d at 534.

[9] *Id*. at 532-33.

[10] *Id*. at 532.

[11] *Id*. at 533.

[12] *Id*.

this wrong and others," the court of appeals found harm and reversed the conviction.[13]

## Analysis

A trial judge's evidentiary rulings are reviewed under an abuse-of-discretion standard.[14] If the trial judge was correct under any theory of law applicable to the case, we will uphold the judge's decision.[15] We do this even if the trial judge failed to give any reason or used the wrong reason for the ruling.[16]

By choosing to testify, a defendant puts his or her character for veracity (as opposed to moral character) in issue.[17] We have held that "[a] defendant who takes the witness stand may be cross-examined and impeached in the same manner as any other witness."[18] A defendant may be "contradicted, impeached, discredited, attacked, sustained, bolstered, made to give evidence against himself, cross-examined as to new matters, and treated in every respect as any other witness . . . ."[19] And we have observed that a party who "opens the door" to otherwise inadmissible evidence risks the adverse effect of having that evidence

---

[13] *Id*. (citing *Prystash*, 3 S.W.3d at 527-28; *Smith v. State*, 898 S.W.2d 838, 843-44 (Tex. Crim. App. 1995)).

[14] *Id*.

[15] *Prystash*, 3 S.W.3d at 527.

[16] *Id*.

[17] *Hammett v. State*, 713 S.W.2d 102, 105 (Tex. Crim. App. 1986).

[18] *Feldman v. State*, 71 S.W.3d 738, 755 (Tex. Crim. App. 2002); *Cisneros v. State*, 692 S.W.2d 78, 83 (Tex. Crim. App. 1985).

[19] *Feldman*, 71 S.W.3d at 755; *Cisneros*, 692 S.W.2d at 83.

admitted.[20]

We hold that the court of appeals erred in holding that the prosecutor's question to Bowley referencing plea negotiations was improper. Bowley opened the door to the prosecutor's question on cross-examination by creating a circumstance in which the jury could infer that his not guilty plea was truthful. He did so on direct examination when he stated that he pled guilty in the previous cases "because [he] was guilty." Although Bowley's counsel did not take the ultimate logical step, the prosecutor clarified the underlying purpose of defense counsel's inquiry by asking, "You're not pleading guilty here today because you're not guilty, is that right?"[21] Bowley answered in the affirmative. By testifying that he pled guilty in the previous cases because he was guilty, then that he pled not guilty in this case because he was not guilty, Bowley invited the jury to consider his prior guilty pleas as evidence that he was innocent of the offense for which he was on trial.

As noted above, a party who opens the door to otherwise inadmissible evidence risks the adverse consequences of having it admitted. Evidence of plea negotiations is generally not relevant to proving the elements of an offense, and it might be prejudicial to a defendant. As stated in *Prystash v. State* and *Smith v. State*, allowing such evidence could chill plea

---

[20] *Feldman*, 71 S.W.3d at 755-56.

[21] *See, e.g., id*. at 756 (holding that the State's question asking appellant to explain his previous statement about being in trouble did not exceed the scope of the invitation appellant initially gave).

negotiations between the parties.[22] But it was permissible for the prosecutor to cross-examine Bowley by questioning the circumstances surrounding his plea in this case to establish an alternate motive for pleading not guilty—that it was the result of failed plea negotiations.[23] To hold otherwise would allow a party to create a favorable inference while depriving the other party of the truth-finding mechanism of cross-examination. Thus, in this instance, even under the highly deferential abuse-of-discretion standard of review, no trial judge should have sustained Bowley's objection.

The court of appeals's conclusion that the question was subject to exclusion under Rule 403 because it was "highly misleading and prejudicial" and that there was a "grave risk" that the jury would make the "common sense" inference that because Bowley had negotiated for a plea, he had committed the crime, misses the mark.[24] The prosecutor's question sought to elicit an alternate motive for Bowley's plea. The court of appeals commented that the

---

[22] *See Prystash*, 3 S.W.3d at 527-28 (reaffirming that the defendant's introduction of a plea offer by the State as evidence of defendant's future dangerousness is excludable under Rule 403 and observing that public policy militated in favor of excluding plea offers); *Smith*, 898 S.W.2d at 843-44 (holding that evidence of a plea offer by the State may be relevant, but is substantially outweighed by the danger of both unfair prejudice and of misleading the jury).

[23] *Cf. Ochoa v. State*, 481 S.W.2d 847, 849-50 (Tex. Crim. App. 1972) (observing that where a witness makes blanket statements concerning his or her exemplary conduct such as having never been arrested, charged or convicted of any offense, or having never been "in trouble," or purports to detail his convictions leaving the impression there are no others, the State may refute such testimony despite the nature of the conviction used or its remoteness).

[24] *See Bowley*, 280 S.W.3d at 533.

question was "troubling" because it "struck at one of the major themes of [Bowley's] defense."[25] We disagree about the troublesome nature of the question. If the inference established by Bowley was a "major theme" of his defense, that fact militates in favor of allowing the State to challenge its soundness through cross-examination. The court of appeals further opined that the prosecutor should not have asked the question because he "possessed sufficient legitimate evidence to rebut the strategy and establish [Bowley's] guilt . . . ."[26] And the dissent also focuses on the strength of the State's case. However, the focus here is the particular need to rebut the inference established by Bowley, as opposed to the sufficiency of the State's evidence. Second, an assessment of the State's case is pure speculation. Finally, even assuming that there was sufficient evidence for the State to establish Bowley's guilt without challenging this theme of his defense does not mean the State had to refrain from doing so. And, as stated above, it was permissible for the State to establish an alternate inference than Bowley's. We conclude that the court of appeals erred in holding that the question asked by the prosecutor was substantially more prejudicial than probative under the particular facts of this case.

For the foregoing reasons, the trial judge was not required to sustain Bowley's objection. Accordingly, no instruction to disregard was necessary.

**Conclusion**

---

[25] *Id.*

[26] *Id.*

The court of appeals erred in concluding that the trial judge was required to give an instruction to disregard. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.


DATE DELIVERED: May 5, 2010
PUBLISH